UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL T. GRAY                    *        CIVIL ACTION

versus                             *        NO. 05-2194

DETROIT DIESEL CORPORATION         *        SECTION "F"
and FLORIDA DETRIOT
DIESEL-ALLISON, INC.

ORDER AND REASONS

Before the Court are several motions:  (i) defendant FDDA's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction; (ii) defendants' Rule 12(b)(7) motion to dismiss for failure to join an indispensable party; (iii) defendant DDC's Rule 12(b)(6) motion for dismissal of plaintiff's economic loss claims; (iv) defendants' Rule 12(e) and 9(b) motion for a more definite statement of plaintiff's fraud and intentional misrepresentation claims; and (v) defendants' motion to transfer venue to the Southern District of Florida.

For the reasons that follow, the Court finds that: (i) defendant FDDA's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is DENIED, without prejudice; (ii) defendants' Rule 12(b)(7) motion to dismiss for failure to join an indispensable party is DENIED; (iii) defendant DDC's Rule 12(b)(6) motion for dismissal of plaintiff's economic loss claims is DENIED, without prejudice; (iv) defendants' Rule 12(e) and 9(b) motion for a more definite statement of plaintiff's fraud and intentional

misrepresentation claims is GRANTED, in part, and DENIED, in part; and (v) defendants' motion to transfer venue to the Southern District of Florida is DENIED.

## Background

Plaintiff, Michael Gray, sued Detroit Diesel Corp. ("DDC") and Florida Detroit Diesel-Allison, Inc. ("FDDA") alleging that the defendants failed to deliver new engines as promised for his yacht, the HELLO DOLLY, in time for it to participate in the Fort Lauderdale Boat Show and, he adds, that defendants' engines, once delivered and installed,[1] failed to meet promised performance expectations.[2] The plaintiff seeks damages, including for his loss of use of HELLO DOLLY for seven months, inconvenience, mental anguish, and he seeks rescission based on fraud or for redhibitory vices or breach of warranties.[3]

_____

[1] Roscioli International, Inc. is the manufacturer of HELLO DOLLY and the company that installed the engines that plaintiff bought from the defendants. In one of its motions, defendants contend that Roscioli is an indispensable party.

[2] Mr. Gray also alleges that the engines had redhibitory defects. In his amended complaint, he further claims that defendants fraudulently, intentionally and/or negligently misrepresented that the engines were suitable for marine application, would provide increased horsepower and speed and that the engines could be installed on the yacht in time for participation in the Fort Lauderdale Boat Show in October 2004. He seeks entitlement to recover damages (or rescission of the agreement) under Louisiana, Florida, Michigan and/or maritime law, after a consideration of choice of law principles.

[3] According to the plaintiff's complaint, this Court has diversity jurisdiction under 28 U.S.C. §1332. Plaintiff resides in Louisiana. DDC, the manufacturer of the engines purchased by plaintiff, resides in Michigan. FDDA, the distributor of the engines, resides in Florida. Plaintiff alleges that the amount

## Law and Application

I. FDDA's Motion to Dismiss for Lack of Personal Jurisdiction

A.

When a nonresident defendant brings a Rule 12(b)(2) motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.  The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery."  Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997).  All factual disputes must be resolved in favor of the plaintiff.  Id. (citations omitted).  And, the plaintiff need only establish a prima facie case for personal jurisdiction. D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 545 (5th Cir. 1985).

B.

FDDA contends that it is a nonresident defendant that lacks sufficient contacts with the forum state of Louisiana.  The plaintiff concedes that FDDA is a resident of Florida, but disputes that personal jurisdiction is lacking.  Rather, the plaintiff contends that FDDA does business in Louisiana and, therefore, has minimum contacts with Louisiana, sufficient to be haled into Court here.  See, e.g., International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Alternatively, the plaintiff contends that dismissal of FDDA

_____

in controversy "reasonably exceeds" $75,000.

from the case is premature because he has not had time to conduct jurisdictional discovery.  The Court agrees.  The only evidence in the record as to FDDA's contacts (or lack thereof), as well as whether it enjoys corporate separateness[4] from its parent, DDC, is an affidavit of the defendant's vice president.  The plaintiff submits no evidence and, indeed, contends that he has served the defendant with interrogatories and other discovery requests, to which FDDA has yet to respond, relating to this jurisdictional inquiry.

     Accordingly, defendant FDDA's Rule 12(b)(2) motion is DENIED, without prejudice.

II. Motion to Dismiss for Failure to Join an Indispensable Party

A.

     A party may seek to dismiss a claim for failure to join a party as required by Rule 19.  Rule 19(a) requires joinder of a party if: (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a

---

     [4] If a plaintiff proves that one corporation exercises enough control over another corporation, the Court may "fuse the two together for jurisdictional purposes."  See, e.g., Freudensprung v. Offshore Techinical Services, Inc., 379 F.3d 327, 346 (5th Cir. 2004) (citation omitted).

4

substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. Fed.R.Civ.P. 19(a).

If a party that should be joined under Rule 19(a) cannot be joined, the Court must determine whether the action may proceed without that party, or if it should be dismissed.[5]

The defendants have not shown that Roscioli must be joined.

### B.

Defendants contend that Roscioli should be joined because Roscioli installed DDC's engines in the plaintiff's yacht and rights under Roscioli's contract with the plaintiff will be affected. However, the plaintiff charges fraud and misrepresentation by defendants, not by Roscioli. Plaintiff contends that there were no problems with Roscioli's installation, only that the engines themselves are defective.

No facts have been alleged that would indicate that Roscioli's absence as a defendant will cause any prejudice, or that an adequate remedy cannot be granted without Roscioli as a party. Defendants argue that (a) any engine performance issues may

---

[5] A case should be dismissed if an absent party is indispensable in light of: the extent to which, a judgment rendered in the person's absence might be prejudicial to the person or those already parties; the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; whether a judgment rendered in the person's absence will be adequate; whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. Fed.R.Civ.P. 19(b).

possibly be related to Roscioli's installation; and (b) Roscioli may have made representations to the plaintiff about defendants' and others' engines. Defendants' contentions, at most, are that Roscioli could be a joint-tortfeasor. Rule 19 does not, however, require the joinder of joint tortfeasors. <u>Nottingham v. General American Communications Corp.</u>, 811 F.2d 873, 880 (5th Cir. 1987). Nor does the rule require the joinder of a party against whom the present defendants have a claim for contribution or indemnity. <u>Id.</u>; <u>New Orleans Lakal Envelope Co. v. Chicago Express, Inc.</u>, 1999 WL 1124788, at *3 (E.D. La. Dec. 7, 1999). Moreover, the defendants can file a third party complaint against any absent party they feel is necessary to protect their rights. <u>Boone v. General Motors Acceptance Corp.</u>, 682 F.2d 552, 553 (5th Cir. 1982).

Accordingly, defendants' Rule 12(b)(7) motion to dismiss for failure to join indispensable third party is DENIED.

III. <u>Motion for Dismissal of Plaintiff's Economic Loss Claims</u>

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) instructs for dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), the Court must accept the "plaintiff's factual allegations as true," and will not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian</u>

<u>Ins. Co.</u>, 376 F.3d 399, 403 (5th Cir. 2004) (quoting <u>Blackburn v.</u>
<u>Marshall</u>, 42 F.3d 925, 931 (5th Cir. 1995)).  "[C]onclusory
allegations or legal conclusions masquerading as factual
conclusions will not suffice to prevent a motion to dismiss." <u>Id.</u>
(quoting <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284
(5th Cir. 1993)).

    B.  Admiralty Jurisdiction/Choice of Law

    This Court has diversity jurisdiction pursuant to 28 U.S.C. §
1332.  A party seeking to invoke the Court's admiralty tort
jurisdiction, under 28 U.S.C. § 1331, must satisfy two tests:
locality and nexus to maritime activity.  To show "locality," the
alleged tort must have occurred on navigable waters or an injury
suffered on land must have been caused by a vessel on navigable
waters.  <u>Graubart v. Great Lakes Dredge & Dock Co.</u>, 513 U.S. 527,
534, 115 S. Ct. 1043, 1048, 130 L.Ed. 2d 1024 (1995).  Navigable
waters are capable of sustaining interstate commerce (the
transportation of goods or passengers by water craft from one state
to another or to a foreign country).  <u>The Daniel Ball</u>, 77 U.S. 557,
563, 130 L. Ed. 2d 1024 (1870).  To show "nexus," the incident
underlying the case must have a potentially disruptive impact on
maritime commerce and the activity giving rise to the incident must
have a substantial relationship to traditional maritime activity.
<u>Id</u>. at 539-542.

    The defendants contend that the Court has admiralty
jurisdiction and, thus, admiralty law applies and the plaintiff's

7

tort claims should be dismissed.  They insist that admiralty substantive law applies.  However, the defendants must first establish that this Court has admiralty tort jurisdiction.  The defendants contend that the locality and nexus tests are satisfied; they say that the tort in this action is that the engines did not work and that this tort occurred on navigable waters because the vessel had to be in navigation for the defects in the engine to manifest.  The Court is not persuaded.

The Court does not even reach the defendants' arguments that substantive admiralty law applies and disposes of the plaintiff's tort claims.  The defendants have not satisfied even the threshold test of locality.  The plaintiff's tort claims include claims of misrepresentation; where those misrepresentations were made have not been shown or alleged.  Because in part IV of this decision the Court grants the defendants' request that the plaintiff be required to plead its fraud claims with more particularity, it is possible that the location of the alleged misrepresentations were on navigable waters.[6]  Thus, it is possible that substantive admiralty

---

[6] The defendants also fail to address (according to their argument that the vessel had to be in navigation for the defects in the engine to manifest) where the yacht was located in navigation.  Just because a vessel is navigating does not mean that it is in navigable waters.  According to The Daniel Ball, navigable waters are capable of sustaining interstate commerce.  There is no evidence as to where the vessel was tested and, although perhaps unlikely, it is possible that if the plaintiff tested his vessel on the water that it was non-navigable waterway.

law might apply to the plaintiff's tort claims.[7]

Accordingly, the defendants' motion to dismiss the plaintiff's tort claims is hereby DENIED, without prejudice.

IV.  <u>Motion for More Definite Statement of Fraud and Intentional Misrepresentation</u>

A.  Federal Rules of Civil Procedure 12(e) and 9(b)

Federal Rule of Civil Procedure 12(e) permits a party to file a motion for a more definite statement of the claims if the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Rule 12(e) motions are generally disfavored.  <u>Prudhomme v. Proctor & Gamble Co.</u>, 800 F. Supp. 390, 396 (E.D. La. 1992). In general, a complaint need only recite a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  But fraud claims are treated differently.

Rule 9(b) requires fraud to be pled with particularity.  "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."  <u>United States ex rel. Doe v. Dow Chemical Co.</u>, 343 F.3d 325, 328 (5th Cir. 2003). The pleading must include the specific details of the time, place, contents and nature of the activities which form the basis of the

---

[7] The Court notes that the defendants suggest in a footnote to their brief that, if substantive admiralty law does not apply, then Louisiana law would also bar the plaintiff's tort recovery. The Court declines to address the choice of law issue at this time, given that whether admiralty law applies remains an open question.

allegedly fraudulent conduct as well as identifying what was obtained through the fraud. Tel-Phonic Services, Inc. V. TBS International, Inc., 975 F.2d 1134, 1139 (5th Cir. 1992). Plaintiff must also specify the statements contended to be fraudulent, identify the speaker and explain why the statements were fraudulent. Williams v. WMX Technologies, Inc., 112 F.3d 275, 177 (5th Cir. 1997).

B.

The plaintiff alleges that fraud by the defendants induced him to buy the engines at issue. However, he does not specify which DDC and FFDA representatives made the alleged fraudulent statements, or when, or where the statements were made. The plaintiff only says that fraudulent statements as to the performance capabilities of the engines caused him to purchase said engines. Rule 9(b) requires more specific pleading.[8]

The defendants do not move for dismissal for failure to specifically plead fraud, only for the plaintiff to provide a more specifics as to the fraud claim. The Court, therefore, presumes that the defendants would not oppose the plaintiff's leave to file an amended complaint with more specific fraud claims.

---

[8] The Court recognizes that the Rule 9(b) pleading requirements sometimes may be relaxed, such as when the facts relating to the alleged fraud are within the defendants' knowledge. Dow Chemical, 343 F.3d at 330. However, the plaintiff does not contend that he does not have access to the facts relating to the fraud.

Accordingly, defendants' motion for more definite statement of plaintiff's claims of fraud is GRANTED.[9]

V.   Motion to Transfer Venue

A.   Transfer of Venue under § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice," a court may, in its discretion, transfer an action to a more convenient forum.   28 U.S.C. § 1404(a);   Van Dusen v. Barrack, 376 U.S. 612 (1964); Weber v. Coney, 642 F.2d 91 (5th Cir. 1981).  Great weight should normally be accorded to the plaintiff's choice of forum.   Indeed, the plaintiff's choice should only be disturbed when the factors clearly point to a more convenient -- rather than equally or less convenient -- forum.   In re McDonnell-Douglas Corp, 647 F.2d 515, 517 (5th Cir. 1981).

To weigh the convenience of the two forums, the Court may consider:

1.   the plaintiff's choice of forum;
2.   the relative ease of access to proof;
3.   availability of compulsory process to assure the attendance of unwilling witnesses;
4.   cost of obtaining attendance of willing witnesses;
5.   possibility of viewing premises, if applicable;
6.   all other practical problems that make trial of a case, easy, expeditious, and inexpensive;
7.   public interest factors, including the relative

---

[9] The Court notes that there is no requirement in the Federal Rules that intentional misrepresentation be pled with particularity.  As stated above, Rule 8 requires only a plain statement showing that the plaintiff is entitled to relief.  The Court notes that the plaintiff, in amending his complaint to include more specified allegations with regard to fraud will simultaneously be specifying any allegations he has as to intentional misrepresentations.

>       congestion of court dockets, choice of law
>       considerations, and the relationship of the community in
>       which the courts and jurors are required to serve to the
>       occurrences that give rise to the litigation.

Van Dusen, 376 U.S. at 643; Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); Koehring Co. v. Hyde Constr. Co., 324 F.2d 295, 296 (5th Cir. 1963).

Defendants must show that, in light of the factors, the new forum would result in a balance of inconvenience to them and not merely shift the inconvenience to the plaintiff. Lewis v. Magnolia Marine Transport, 1998 WL 19626 (E.D. La. Jan. 16, 1998) (citing Clark v. Moran Towing & Transp. Co., Inc., 738 F. Supp. 1023, 1031 (E.D. La. 1990)). However, the Court must give great deference to the plaintiff's choice of forum, especially when he has chosen his home forum. Tjontveit v. Den Norske Bank ASA, 997 F. Supp. 799, 804 (S.D. Tex. 1998) (citation omitted).

B.

The Court declines to disregard the plaintiff's choice of forum because defendants have not shown that the factors weigh in favor of the Southern District of Florida as a clearly more convenient forum without simply shifting the inconvenience to the plaintiff.[10]

_____

[10] Defendant contends that this case should be transferred to the Southern District of Florida because of the availability of witnesses and evidence in that jurisdiction.  They also allege that trying a case in New Orleans would be inconvenient and costly for traveling witnesses in the aftermath of Hurricane Katrina.  Plaintiff counters that few witnesses from Florida

Accordingly, the defendant's motion to transfer is DENIED.

For all the aforementioned reasons: (i) defendant FDDA's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is DENIED, without prejudice; (ii) defendants' Rule 12(b)(7) motion to dismiss for failure to join an indispensable party is DENIED; (iii) defendant DDC's Rule 12(b)(6) motion for dismissal of plaintiff's economic loss claims is DENIED, without prejudice; (iv) defendants' Rule 12(e) and 9(b) motion for a more definite statement of plaintiff's fraud and intentional misrepresentation claims is GRANTED, in part, and DENIED, in part; and (v) defendants' motion to transfer venue to the Southern District of Florida is DENIED.

New Orleans, Louisiana, February 23, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

would be required because much of the testimony could be elicited by deposition and that there is ample paper evidence in New Orleans.  Plaintiff also says that the defendants are impermissibly attempting to shift the costs of litigation to the plaintiff.  Also, the plaintiff contends, and this Court agrees, that the Eastern District of Louisiana is not congested and has been fully functional in New Orleans since returning after evacuating for Hurricane Katrina.  Thus, the Court agrees with the plaintiff that the defendant has not shown that the factors that may favor transfer outweigh the factors in favor of retaining the action, including the plaintiff's choice of forum.